No. 18-1281
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT
_____

**LIA DEVITRI, et al.**

*Petitioners–Appellees*,

v.

**CHRIS M. CRONEN, et al.**

*Respondents–Appellants*.

_____

On appeal from the United States District Court
for the District of Massachusetts

District Court No. 1:17-cv-11842
_____

**UNOPPOSED MOTION TO DISMISS APPEAL AS MOOT**
_____

Pursuant to Fed. R. App. P. 27, Petitioners-Appellees ("Petitioners") hereby move to dismiss this appeal as moot because the relief provided by the preliminary injunction on appeal has expired. Respondents-Appellants ("Respondents") do not oppose the relief requested.

1

I.      **Relevant Facts and Procedural History**

Petitioners are fifty Indonesian nationals who lived peacefully in New Hampshire and Massachusetts for many years – some for over a decade – after having been issued final orders of removal. *See Devitri v. Cronen*, 289 F. Supp. 3d 287, 289-90 (D.Mass. Feb. 1, 2018). In 2010, Petitioners voluntarily identified themselves to United States Immigration and Customs Enforcement ("ICE") as part of its "Operation Indonesian Surrender" program, were granted stays of removal, and were placed on Orders of Supervision. *Id.* In the summer of 2017, ICE informed Petitioners that they would be deported to Indonesia within a matter of weeks, notwithstanding the very real prospect of persecution, torture, or death they faced in Indonesia due to their Christian faith. *Id.*

On September 25, 2017, Petitioners filed a Petition for Writ of Habeas Corpus, seeking with it a temporary restraining order and preliminary injunction. Dkt. Nos. 1, 2. Petitioners claimed, in relevant part, that their abrupt removal to Indonesia would deprive them of a meaningful opportunity to raise their persecution and torture claims, and thus violate their Fifth Amendment right to due process. Petitioners sought an injunction to prevent their removal while they presented their motions to reopen and asylum claims to the Board of Immigration Appeals ("BIA").

On February 1, 2018, the district court granted Petitioners' Motion for Preliminary Injunction, enjoining Respondents-Appellants from removing the Petitioners from the United States under the following conditions:

> The Government is hereby stayed from removing any named Petitioner from the United States until one of the following conditions occurs:
>
> (1) If any named Petitioner fails to file a motion to reopen and motion to stay with the BIA or Immigration Court within ninety days after receiving his or her A-file, the preliminary injunction will terminate as to that particular Petitioner. If a named Petitioner fails to file a timely appeal of the Immigration Court's denial of a motion to reopen to the BIA, the stay shall terminate as to that particular Petitioner.
>
> (2) If any named Petitioner fails to file a motion for relief with the First Circuit within seven business days of the BIA denying his or her motion to reopen, the preliminary injunction will terminate as to that particular Petitioner.
>
> (3) If an appeal of a denial of a motion to reopen is filed in the First Circuit within seven business days, the stay will terminate as to that particular Petitioner unless the First Circuit orders otherwise.

Order at 24. [Dkt. No. 90]. On March 30, 2018, Respondents appealed the February 1, 2018 injunction. [Dkt. No. 97].

## II. Because All Relief Provided By The Preliminary Injunction Has Expired, The Case Is Moot.

The preliminary injunction has now expired by its own terms. It provides no further relief to any of the fifty Petitioners.

3

4825-2283-5573.3

- On March 28, 2018, the Parties agreed that the Respondents had completed their production of A-Files, as ordered by the District Court, as to all fifty Petitioners. [Dkt. No. 96].

- Two of the fifty Petitioners did not file motions to reopen within 90-days of receiving their A-Files. For these two individuals, the injunction expired on the ninety-first day after they received A-Files.

- Forty-eight of the fifty Petitioners filed motions to reopen with the BIA within 90 days of receiving the A-Files.

- As of September 4, 2018, the BIA had granted forty-four of the forty-eight timely-filed motions to reopen, all on the grounds that Petitioners demonstrated changed country conditions in Indonesia that made them prima facie eligible for relief from removal. The government's final deadline to seek reconsideration of any these forty-four grants was October 4, 2018. 8 C.F.R § 1003.2(a)(2). The government did not file any motions seeking reconsideration of the forty-four orders granting reopening. The Preliminary Injunction has, therefore, expired as to these forty-four Petitioners. Moreover, their final orders of removal have been reopened and they are no longer subject to removal.

4825-2283-5573.3

- The BIA denied four of the forty-eight timely filed motions to reopen. Because seven business days have elapsed since these denials, the Preliminary Injunction has expired as to these four Petitioners; they are continuing to pursue their claims for relief before this Court[1] or the BIA[2].

This appeal is moot because the preliminary injunction provides no further relief for any of the Petitioners, and no longer has any legal or practical effect on the Respondents.  It is well settled that a case is moot "when the issues presented are no longer 'live'." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). The requirement that an actual case and controversy exist at the time a federal court renders its decision is a jurisdictional mandate of Article III of the Constitution, one that precludes the issuance of advisory or academic opinions. U.S. Const. art. III, § 2 et seq.  The expiration of the relief provided by a preliminary injunction moots the appeal of the order granting the relief.  *Demeris v. Cumberland Farms, Inc.,* 97 F.3d 1445 (1st Cir. 1996) ("[B]ecause the preliminary injunction is no longer in effect […], we conclude that the issues raised by this appeal have been mooted. Dismissal of the appeal is therefore warranted."). Moreover, the relief sought by Respondents – that "the district court's injunction

---

[1] Petitioners Gunardi and Sutanto have filed a petition for review challenging the denials of their motions to reopen, which is docketed at Case No. 18-1234.  Petitioner Lukman has similarly filed a petition for review that is before this Court in Case No. 18-1937.
[2] Petitioner Senduk filed a Motion for Reconsideration of his denial before the BIA on September 18, 2018.

4825-2283-5573.3

should be vacated or, at minimum, narrowed," (App. Br. at 49) – can no longer be granted by the Court. *Oakville Dev. Corp. v. F.D.I.C.*, 986 F.2d 611, 613 (1st Cir. 1993) ("[i]t is well established that, in circumstances where a court cannot provide effectual relief, no justiciable case remains and the court must dismiss the appeal as moot."). *See accord. In re Stadium Management Corp.*, 895 F.2d 845, 847 (1st Cir.1990) (holding, in analogous circumstances, that '[a]bsent a stay, the court must dismiss a pending appeal as moot because the court has no remedy'); *In re Continental Mortgage Investors*, 578 F.2d 872, 877 (1st Cir. 1978) (explaining that '[a]n appeal is considered moot if it cannot affect the matter in issue or cannot grant effectual relief').

## III.   Conclusion

For the foregoing reasons, Appellees respectfully request that this Court dismiss the appeal as moot and suspend Appellees' briefing schedule pending a ruling on this motion.

        Respectfully Submitted,

        PETITIONERS-APPELLEES

        By Their Attorneys,

        */s/ W. Daniel Deane*
        W. Daniel Deane (BBO# 568694)
        Nathan P. Warecki (BBO# 687547)
        NIXON PEABODY LLP
        900 Elm Street
        Manchester, NH 03101

4825-2283-5573.3

|  |  |
|---|---|
|  | Ronaldo Rauseo-Ricupero (BBO# 670014)<br>Sydney Pritchett (BBO# 694195)<br>NIXON PEABODY LLP<br>100 Summer Street<br>Boston, MA  02110<br>(617) 345-1000<br>rrauseoricupero@nixonpeabody.com<br><br>Lee Gelernt (pro hac vice)<br>Anand Balakrishnan (pro hac vice)<br>American Civil Liberties Union Foundation<br>125 Broad St, 18th Fl.<br>New York, NY 10004-0000<br><br>Matthew R. Segal (BBO# 654489)<br>Adriana Lafaille (BBO# 680210)<br>American Civil Liberties Union of Massachusetts<br>211 Congress St.<br>Boston, MA 02110<br>(617) 482-3170<br><br>Gilles Bissonnette (BBO# 669225)<br>American Civil Liberties Union of New Hampshire<br>18 Low Avenue<br>Concord, NH  03301 |
| Dated: October 15, 2018 | (603) 224-5591 |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2018, I filed the foregoing via the Court's CM/ECF system and that a copy of the same will be served electronically this day on all parties registered for the Court's CM/ECF system.

>                       */s/ Ronaldo Rauseo-Ricupero*
>                       Ronaldo Rauseo-Ricupero